IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Action No. 13-58 |
| ) | |
| ANTONIO HARDIN, ) | Judge Cathy Bissoon |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant's Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Docs. 476 & 488) will be denied.

**Background**

On December 9, 2013, Antonio Hardin ("Defendant") pleaded guilty to a lesser included offense at Count 1 of the Superseding Indictment against him (conspiracy to distribute 100 grams or more of heroin), and to Count 4 of that same Indictment (possession of a firearm in furtherance of a drug trafficking crime). Change of Plea (Doc. 228). The Court was notified that Defendant and the Government had entered into an 11(c)(1)(C) plea agreement at that time. On April 25, 2014, the Court gave all parties notice that the Court intended to accept the terms of the plea agreement. Notice Re Antonio Hardin, ECF April 25, 2014. On April 30, 2014, Defendant was sentenced to 108 months of imprisonment at Count 1 and to 60 months of imprisonment at Count 4, such terms to run consecutively, for a total term of incarceration of 168 months. Judgement in a Criminal Case (Doc. 293). This sentence was in accordance with the terms of the plea agreement.

On May 4, 2015, Defendant filed a *pro se* Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 476). On May 5, 2015, the Court ordered

that the Federal Public Defenders Office be appointed to represent Defendant in all matters pertaining to this action. (Doc. 477). Defendant, through the Federal Public Defenders Office, filed a more detailed Motion to Reduce Sentence on July 16, 2015. (Doc. 488). On July 28, 2015, the Government filed its Opposition. (Doc. 488).

**<u>Analysis</u>**

Section 3582(c)(2) of Title 18 of the United States Code makes clear that:

> [a] district court only has the authority to consider whether a defendant should receive a reduction in sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission.

<u>United States v. Weatherspoon</u>, 696 F.3d 416, 422 (3d Cir. 2012) (citing 18 U.S.C. § 3582(c)(2); <u>United States v. Doe</u>, 564 F.3d 305, 309 (3d Cir. 2009)). The Government does not dispute that Amendment 782 to the United States Sentencing Guidelines applies retroactively in drug cases such as this one. The crux of the dispute between Defendant and the Government is whether Defendant's agreed-upon sentence in his 11(c)(1)(C) plea agreement was "based on" the United States Sentencing Guideline range.

Justice Sotomayor's concurrence in <u>Freeman v. United States</u>, 131 S.Ct. 2685 (2011), controls this issue. <u>Weatherspoon</u>, 696 F.3d at 422 (citing <u>United States v. Thompson</u>, 682 F.3d 285, 289 (3d Cir. 2012)). <u>Freeman</u> established the possibility for defendants to receive a reduction in their sentence, even if that sentence was agreed upon in the context of an 11(c)(1)(C) plea agreement. <u>Freeman</u>, 131 S.Ct. at 2695. Such a reduction may only be considered if it is clear from the four corners of the 11(c)(1)(C) plea agreement that Defendant's agreed-upon sentence was "based on" the Sentencing Guidelines. <u>Id</u>. at 2698, n. 2 ("[T]o determine whether a sentence imposed pursuant to a[n 11(c)(1)](C) plea agreement was 'based

2

on' a Guideline sentencing range, the reviewing court must necessarily look to the agreement itself."); see also Weatherspoon, 696 F.3d at 422.

Justice Sotomayor described two potential situations in which a defendant sentenced pursuant to an 11(c)(1)(C) plea agreement could be eligible for a reduction in sentence. Freeman, 131 S.Ct. 2697-700. Only one of those situations potentially is applicable here: when the defendant's plea agreement calls for a specific term of imprisonment, and the agreement "makes clear" that the Guideline range served as the foundation for the agreed-upon sentence. Weatherspoon, 696 F.3d 422-23 (citing Freeman, 131 S.Ct. at 2697-98). "Thus, to be eligible for relief under 18 U.S.C. § 3582(c)(2), a defendant who agrees to a specific term of imprisonment in a[n 11(c)(1)](C) plea agreement must show that his agreement both identifies a Guideline range and demonstrates a sufficient link between that range and the recommended sentence." Id. at 423 (citations omitted).

Although strangely not cited by either Defendant or the Government, it appears that the facts of the instant case are identical to those presented in Weatherspoon and that case is controlling. Id. Defendant, like Weatherspoon, was sentenced to a fixed term of imprisonment pursuant to his 11(c)(1)(C) plea agreement. Weatherspoon, 696 F.3d at 424. The Court must therefore look within the four corners of the plea agreement to see if the Sentencing Guidelines formed the foundation for Defendant's sentence. Id. It is the case here, as it was in Weatherspoon, that "the agreement is silent as to [Defendant's Guideline] range"; "[n]owhere in the agreement does it explicitly state the range the parties relied upon in determining [Defendant's] sentence"; "[n]or does the agreement provide the necessary ingredients to calculate" Defendant's Guideline range. Id. As in Weatherspoon, "[t]here are simply no statements or assertions of fact in the agreement that allow [the Court] to determine [Defendant's] criminal history, and thus the Court is missing *at least* one-half of the equation."

3

Id. (emphasis added). As such, Defendant's sentence was not "based on" the Sentencing Guidelines, and thus Defendant's Motions for reduction of sentence must be denied.

## II. ORDER

Consistent with the foregoing, Defendant's Motions for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Docs. 476 & 488) are DENIED.

August 5, 2015

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record