# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Criminal Action No. 13-58 |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| ANTONIO HARDIN, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Pending before the Court are Defendant Antonio Hardin's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 636), the Government's Response in Opposition (Doc. 639) and Defendant's Reply (Doc. 640). For the reasons that follow, Defendant's Motion will be **GRANTED**.

**I.    BACKGROUND**

On December 9, 2013, pleaded guilty to conspiracy to distribute 100 grams or more of heroin (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 4) of the Superseding Indictment (Doc. 141). Defendant's plea was changed after he and the Government reached a plea agreement in which the parties which, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), "stipulated and agreed that" a sentence of 14 years was appropriate. The parties' agreement referenced Section 2D1.1 of the United States Sentencing Guidelines (the "Guidelines") as the relevant provision for Defendant's sentence at Count 1. The Court accepted the terms of the parties' agreement, and Defendant was sentenced to168 months on April 30, 2014. (Doc. 292.)

Soon after Defendant was sentenced, Section 2D1.1 of the Guidelines was amended to decrease the base offense levels for drug offenses by two levels, and the Sentencing Commission

elected to make Amendment 782 retroactive. See, e.g., United States v. Bryant, No. 12-103, 2015 WL 6472365, at *1 (W.D. Pa. Oct. 26, 2015) (Bissoon, J.).

On December 12, 2018, Defendant filed the instant Motion, arguing that pursuant to Hughes v. United States, 138 S. Ct. 1765 (2018), he is entitled a reduction in sentence under Amendment 782. (See Doc. 636 at ¶¶ 3–4.) Specifically, Defendant requests a "comparable sentence" under the now-applicable Guideline range, in order to account for the upward variance of his plea agreement and Amendment 782. (Id. at 5–6.)

In opposition, the Government agrees that while this Court is permitted to reduce Defendant's sentence, it should decline to do so. (Doc. 639 at 2.) The Government points to the "considerable" benefit Defendant already received under his plea agreement as weighing against the Court exercising its discretion to reduce Defendant's sentence. (Id. at 4.) Defendant's Reply notes the Government did not distinguish Defendant's case from the thousands of others who have benefitted from Amendment 782 based on his background, concerns regarding public safety, or any other factor. (Doc. 670 at 2.)

**II.     ANALYSIS**

The parties agree that the Court may exercise its discretion to reduce Defendant's sentence, see Doc. 636 at 3; Doc. 639 at 2–3, and that in doing so it must look first to the Guidelines' policy statement and then to the applicable factors set forth in Section 3553(a). 18 U.S.C. § 3582(c)(2); Dillon v. United States, 560 U.S. 817, 827 (2010).

First, Section 1B1.10 requires that the Court review public safety concerns prior to determining if a sentence reduction is appropriate. Here, Defendant's criminal history score is II, stemming from a single prior conviction for a non-violent drug offense. Section 1B1.10 also counsels the Court to take into account Defendant's post-sentencing conduct. While information

on this front is sparse, Defendant has provided the Court with evidence that he completed a drug treatment course and has made efforts towards prioritizing his physical health and well-being while incarcerated. (Doc 637.)

The Government has opposed Defendant's Motion on one ground, arguing that Defendant seeks "yet more benefit from his plea agreement" with the instant Motion. (Doc. 639 at 3.) That Defendant benefitted from this bargain alone is not reason to deny his Motion now, but rather, is one factor for the Court to consider. Hughes, 138 S. Ct. at 1777 ("The district court can consider the benefits the defendant gained by entering into a Type-C agreement when it decides whether a reduction is appropriate."). And despite these benefits, the Court finds the Government has not presented a reason sufficient to hold Defendant ineligible for relief, particularly in light of the Government's statement during sentencing that "it would not object to a downward variance consistent with this promulgated amendment." (Doc. 564 at 12.)[1] Therefore, a reduction is appropriate.

In considering how much of a reduction is warranted, the Court accepts the comparable sentence—87 months—proposed by the Defendant, as appropriate reduced sentence in this case. There is nothing about the nature and characteristics of the offense or the personal history of Defendant that counsel against a reduction in sentence. As Defendant is not atypical, the need to avoid disparities in the resentencing under Amendment 782 also weighs in favor of reducing his sentence. Holding all other aspects of Defendant's sentence the same, Amendment 782 reduces Defendant's base offense level from 30 to 28. See Guideline 1D1.1(c)(6). Pursuant to his plea agreement, this amount would be further reduced by 3 points for acceptance of responsibility,

---

[1] At the time of sentencing, counsel for the Government had taken the position that the amendment would not be applicable to this case.

resulting in a final offense level of 25. Under the Sentencing Table, a criminal history score of II and an offense level of 25 computes to a recommended Guideline Sentence of 63 to 75 months of incarceration. A variance to 87 months, therefore, preserves the upward variance contemplated by the parties, while acknowledging the Commission's revisions.

    An Order will follow.

January 17, 2019                          s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record