# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 13-58 |
| v. ) | |
| ) | Judge Cathy Bissoon |
| ANTONIO HARDIN, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is Antonio Hardin's ("Defendant's") Motion for Reduction of Sentence and/or Home Confinement based on COVID-19 related health concerns ("Motion," Doc. 681), filed on August 17, 2020. After a series of extensions, counsel for Defendant filed a counseled supplement to said Motion on January 4, 2021 ("Counseled Filing," Doc. 712). The Government filed a Response shortly thereafter (Doc. 713). After considering the relevant briefing, Defendant's Motion will be denied.

Defendant asserts that his health conditions render him susceptible to severe illness if infected with COVID-19 and are "extraordinary and compelling" reasons for a reduction in sentence. (Motion at 3; Counseled Filing at 5-6.) He argues that the conditions at FCI Fort Dix and the Bureau of Prisons' response measures are insufficient to mitigate the spread of the virus. (Counseled Filing at 6-8.) Defendant asserts that he has served approximately 58% of his sentence and that a sentence of time served and/or home confinement is sufficient but not greater than necessary to accomplish the goals of sentencing. (Motion at 4; Counseled Filing at 11-12.)

The Government argues that Defendant's Motion before the Court is premature and that he has not exhausted his administrative remedies. (Response at 4-5.) The Government does not agree that Defendant's health conditions in the context of COVID-19 are "extraordinary and

compelling" reasons for reduction.  (Response at 5-8.)  The Government also argues against reduction due to the Section 3553 Factors, given the serious nature of Defendant's offenses as a participant in a conspiracy to traffic large amounts of heroin, and the significant portion of time left in his sentence before his projected release date of December 17, 2023.  (Response at 8-9.)

First and foremost, Defendant and his counsel ask for waiver of the administrative exhaustion requirement, yet Defendant and his counsel also represent that Defendant appropriately contacted the warden at FCI Fort Dix and received no response, attaching a letter dated June 29, 2020 showing evidence thereof.  (Motion at 5; Attachment at Doc. 681-3; Counseled Filing at 3; Exhibit A at Doc. 712.)  While we cannot be sure that the request was received by the warden, as the Government points out (see Response at 4-5), well over 30 days have passed since the date of the letter and both Defendant and his counsel have represented that said letter was sent on that date and they have received no response.  As such, the Court finds that Defendant has properly exhausted his administrative remedies as required under statute.  18 U.S.C. § 3582(c)(1)(A).

The statute also controls the Court's decision here.  Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).  The Court has carefully considered Defendant's arguments regarding his situation—including his documented health concerns—but does not find Defendant has presented any individualized extraordinary or compelling reason for a reduction

of his sentence.  Of note, none of Defendant's documented health conditions are those the CDC has determined increase risk of severe illness from COVID-19.  (See Response at 6.)  Moreover, even if the Court were able to find that Defendant demonstrated "extraordinary and compelling" reasons, the Court is required to balance these factors with the ones resulting in his original sentence, pursuant to 18 U.S.C. § 3553.  In so doing, the Court finds neither reduction nor a modification of sentence to home confinement justified given the nature, circumstances and seriousness of Defendant's offense, and the needs for just punishment and deterrence.

Defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea for serious drug and firearm related offenses, and Defendant's sentence was later reduced by the Court due to the application of Amendment 782.  (Response at 3; see Amended Judgment at Doc. 648.)  Neither time served nor a modification in sentence to home confinement is sufficient to meet the goals of sentencing in this case.  It would not reflect the seriousness of the offenses, promote respect for the law, and provide just punishment and deterrence, and would moreover send the wrong message to others who may be inclined to engage in similar crimes.

Having weighed the specific facts and circumstances regarding Defendant, vis-à-vis COVID-19—along with all of the considerations in Section 3553—the Court cannot agree that release is warranted.  For these reasons, Defendant's Motion (**Doc. 681**) is **DENIED**.

IT IS SO ORDERED.

January 29, 2021                                                      s\Cathy Bissoon
                                                                                  Cathy Bissoon
                                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record

3